**In re Brett Paul KRUMENACKER d/b/a Plumb Perfect Co., Debtor,**

**Anthony MAZZARA, Plaintiff,**

v.

**Brett Paul KRUMENACKER d/b/a Plumb Perfect Co., Defendant.**

**Bankruptcy No. 91–10788–9P7.
Adv. No. 91–778.**

United States Bankruptcy Court, M.D. Florida, Tampa.

Feb. 24, 1993.

**338**

William M. Powell, Cape Coral, FL, for plaintiff.

Edward R. Miller, Naples, FL, for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case which was converted from a Chapter 11 case, and the matter under consideration is the dischargeability *vel non* of a debt due and owing by Brett Paul Krumenacker (Debtor) to Anthony Mazzara (Plaintiff) pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The facts relevant to resolution of this matter, as established at the duly noticed evidentiary hearing, are as follows.

Prior to the commencement of this case, the Debtor operated a plumbing business under the fictitious name of Plumb Perfect. The Plaintiff established and operated bagel shops in the Northeast. The Plaintiff decided to open a bagel shop in Cape Coral, Florida, and hired the Debtor to install new plumbing into an existing building, and to oversee and supervise further renovation and remodeling of an existing building. The Plaintiff executed a written proposal (Proposal) which stated, in part, as follows:

> All prices will be agreed on before beginning work. Plumb Perfect will be responsible for securing sub contractors and coordinating work as to expedite completion of project.

The Debtor, however, did not execute the Proposal. In addition, the Proposal does not state the compensation which the Debtor was to receive for this work. It is undisputed that the Plaintiff orally agreed to pay the Debtor $2,900.00 for the plumbing work Plumb Perfect agreed to perform in the building.

The Plaintiff advanced a total of $25,000.00 to the Debtor: $1,000.00 in December; $10,000.00 a few weeks later; and $14,000.00 in February. In March, the Plaintiff visited the job site and found that the project was not proceeding to his satisfaction. He fired the Debtor and overtook supervision of the renovations. He hired additional materialmen and laborers to finish the project.

Upon these facts, the Plaintiff alleges in his one count Complaint that the Debtor orally represented that he would hire materialmen and laborers to renovate the building, that he received $25,000.00 from the Plaintiff to be used in the renovation of the building, that he knew that he was not capable of hiring the materialmen and laborers, and that only $10,000.00 of the $25,000.00 was actually used for the benefit of the Plaintiff in the renovation of the building, leaving $15,000.00 which the Plaintiff contends is due and owing, and which the Plaintiff seeks to except from the Debtor's

discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

The Debtor contends that he was supervising and hiring materialmen and laborers when the Plaintiff fired him from the job. In addition, the Debtor contends that a portion of the funds advanced by the Plaintiff were paid to him as compensation for supervising the project, and as mark-ups on the materials he had procured at wholesale.

Section 523 of the Bankruptcy Code provides in pertinent part as follows:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The burden of proof to sustain a claim of nondischargeability based upon § 523 of the Bankruptcy Code is placed upon the party seeking to except the debt from discharge by a mere preponderance of the evidence. *Grogan v. Garner* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prevail on a claim of nondischargeability the Plaintiff must show: (1) the Debtor made a representation; (2) at the time he made the representation, the Debtor knew the representation to be false or knew he was incapable of fulfilling the representation; (3) the Debtor made the representation with the intent to deceive; (4) the Plaintiff reasonably relied on the statement; and (5) the Plaintiff sustained the alleged loss as a proximate result of the representations having been made.

This Court is satisfied that the Plaintiff has failed to meet his burden of proof to show either that the Debtor knew he was incapable of fulfilling the representations made to the Plaintiff, or that he made the representations with an intent to deceive the Plaintiff. The evidence presented indicates that the Debtor was over-seeing the renovations of the building, and that these renovations were proceeding. It is clear that he hired laborers and procured materials. There is nothing in this record to show that the Debtor knew that he was incapable of overseeing the renovations of the building when he entered into the agreement with the Plaintiff. Furthermore, the record is devoid of any evidence showing that the Debtor made the representations to the Plaintiff with an intent to deceive him. Based upon the foregoing, the Plaintiff's claim can not be sustained and the complaint should be dismissed. A separate final judgment will be entered in accordance with these findings.

DONE AND ORDERED.